UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST AMERICAN BANK & TRUST | CIVIL ACTION |
| VERSUS | NO. 24-942-RLB |
| CALEB M. MARCANTEL | CONSENT CASE |

## ORDER

Before the Court is First American Bank & Trust's ("FABT") Motion to Remand. (R. Doc. 6). Also before the Court is Caleb M. Marcantel's "Notice of Motion and Motion to Intervene With Injunction." (R. Doc. 5).

For the following reasons, the Court will remand this action to the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

## I.    Background

On November 14, 2024, Caleb M. Marcantel, who is proceeding *pro se*, removed this state court foreclosure action brought against him by First American Bank & Trust ("FABT"). (R. Doc. 1). In the Notice of Removal, Mr. Marcantel asserts that the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, also making a passing reference to the federal question statute, 28 U.S.C. § 1331. (R. Doc. 1). Mr. Marcantel did not pay the mandatory filing fee required for removal. (*See* R. Doc. 1-2).

Mr. Marcantel has brought previous actions in this district in which he sought to renounce his United States citizenship and to declare his personal sovereignty. In the course of dismissing these actions, Judge Brian Jackson ordered "that prior to filing any additional documents, regardless of the nature of the filing, [Mr. Marcantel] shall obtain leave from a Judge of this Court. [Mr. Marcantel] is advised that repeated attempts to file frivolous matters may

23rd JDC Certified

result in sanctions, including monetary sanctions." *In re Marcantel*, No. 23-00180-BAJ-EWD, 2023 WL 3184315, at *1 (M.D. La. May 1, 2023).

## II.    Law and Analysis

Mr. Marcantel failed to obtain leave from a judge in this district prior to the removal of this state court foreclosure action or the filing of his motion. Mr. Marcantel's post-removal motion seeks an order allowing him to "intervene" as a sovereign citizen in the action brought against him. (*See* R. Doc. 5). Mr. Marcantel's motion is subject to denial for failure to seek prior court approval prior to its filing. Furthermore, the motion is incomprehensible and will be denied as frivolous.

Similarly, this entire action is subject to remand in light of Mr. Marcantel's failure to comply with Judge Jackson's order. That said, the Court has reviewed FABT's Motion to Remand and agrees that this action is subject to remand for lack of subject matter jurisdiction. The Court will remand this action on that basis.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

When, as here, original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed

the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). The

citizenship of each party must be "distinctly and affirmatively alleged." *Stafford v. Mobil Oil*

*Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quotation omitted). "Failure adequately to allege the

basis for diversity jurisdiction mandates dismissal." *Id*.

Mr. Marcantel did not distinctly and affirmatively allege the citizenship of the parties in

the Notice of Removal. In contrast, FABT represents that it is "is a bank formed under the laws

of the State of Louisiana with its principal place of business located in Vacherie, Louisiana,

making it a citizen of Louisiana." (R. Doc. 6-1 at 6). *See Horton v. Bank One, N.A.,* 387 F.3d

426, 431 (5th Cir. 2004) ("[A] state bank, under 28 U.S.C. § 1332(c)(1), may be a citizen of no

more than two states—the state where its principal place of business is located and its state of

incorporation."). FABT further represents that Mr. Marcantel is also a citizen of Louisiana, as he

is an individual domiciled in Ascension Parish, Louisiana. (R. Doc. 6-1 at 6). There is no

indication in the record that Louisiana is the mere residence, not domicile, of Mr. Marcantel. *See*

*Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Given the record, the Court concludes that

Mr. Marcantel has failed to meet his burden of establishing that there is complete diversity of

citizenship between the parties for the purpose of exercising diversity jurisdiction.

Moreover, there is no basis for concluding that the state court petition, which only pleads

state-law claims for enforcement of a promissory note and mortgage governed by state law,

raises a federal question pursuant to 28 U.S.C. § 1331. Whether a civil action is removable upon

the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's

"well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238

F.3d 674, 680 (5th Cir. 2001). That federal law may provide a defense to a state law claim is

insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S.

386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008). In short, given that the removed foreclosure action does not assert any federal claims, there is no federal question to support an exercise of subject matter jurisdiction. *See Bank of New York Mellon v. Laugand*, No. 17-67-BAJ-RLB, 2017 WL 9485533, at *3-4 (M.D. La. Sept. 21, 2017), *report and recommendation adopted*, 2017 WL 4682719 (M.D. La. Oct. 18, 2017).

Having concluded that Mr. Marcantel has failed to meet his burden of establishing that the Court can exercise either diversity jurisdiction or federal question jurisdiction over this removed foreclosure action, the Court need not reach the procedural defects raised by FABT's Motion to Remand.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Caleb M. Marcantel's "Notice of Motion and Motion to Intervene With Injunction" (R. Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that First American Bank & Trust's Motion to Remand (R. Doc. 6) is **GRANTED**, and this action shall be **REMANDED** to the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

**IT IS FURTHER ORDERED** that Caleb M. Marcantel is reminded that he must first seek and obtain judicial approval prior to filing any additional documents in this district. *See In re Marcantel*, No. 23-00180-BAJ-EWD, 2023 WL 3184315, at *1 (M.D. La. May 1, 2023).

Signed in Baton Rouge, Louisiana, on December 11, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

4